UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE JB 65,<br><br>Plaintiff,<br><br>v.<br><br>DOE 1, et al.,<br><br>Defendants. | Case No.: 24-cv-02349-AJB-MSB<br><br>**ORDER**<br><br>**(Doc. Nos. 6; 9; 11)** |

Before the Court are three motions filed by Defendant Doe 1 (the "Church"), seeking to ensure the privacy of Plaintiff John Roe JB 65 ("Plaintiff"). (Doc. Nos. 6; 9; 11.) For the reasons set forth herein, the Court **GRANTS** the Church's second motion to seal (Doc. No. 9), **GRANTS** its motion to strike (Doc. No. 11), and **STRIKES** the initial Notice of Removal and the first motion to seal (Doc. Nos. 1; 6).

I.   **BACKGROUND**

On August 26, 2024, Plaintiff filed a complaint in the Superior Court of San Diego, asserting multiple counts of negligence, intentional infliction of emotional distress, and sexual abuse of a minor, all stemming from Plaintiff's allegations of having been abused in 1978 by a bishop of the Church. (Doc. No. 1-3.) On December 16, 2024, the Church

1  filed a notice removing the instant action to federal court on the basis of diversity
2  jurisdiction. (Doc. No. 1.) On December 18, 2024, the Church filed a motion to file
3  portions of the Notice of Removal under seal (Doc. No. 6) and lodged the corresponding
4  documents (Doc. No. 7). However, identifying that the redaction in the Notice of Removal
5  were incomplete, the Church subsequently filed a motion to strike the initial Notice of
6  Removal (Doc. No. 11), an Amended Notice of Removal (Doc. No. 8), a second motion to
7  seal regarding information redacted in the Amended Notice (Doc. No. 9), and lodged the
8  corresponding unredacted documents (Doc. No. 12).

## II.  MOTION TO SEAL

As resolution of the Church's motion to strike is dependent on the Court finding that redaction of Plaintiff's personal identifying information is proper, the Court first turns to the second motion to seal.

### A.  Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotation marks omitted).

"Despite this strong preference for public access," the Ninth Circuit has "carved out an exception" for when the underlying motion is not "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101

(9th Cir. 2016). In such circumstances, "the presumptive 'compelling reasons' standard" is eschewed for "good cause." *Id.* at 1097. "Good cause" requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) ("*Phillips*"); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If a court finds particularized harm will result from disclosure of information to the public, then "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (cleaned up); *see also Phillips*, 307 F.3d at 1211.

**B.     Discussion**

As a threshold matter, the instant motion seeks to seal limited information provided in support of the Church's notice of removal. Moreover, the redactions are limited to materials provided to support the Church's assertion that this Court has diversity jurisdiction, which is an issue sufficiently attenuated from the merits of the action to qualify for the good cause exception to the compelling reasons standard.

Turning to substance, the Church seeks to file under seal redactions of Plaintiff's name, address, and other identifying information that appear in domicile-related documentation and a deposition transcript. (Doc. No. 9.) The redactions of Plaintiff's name in its entirety mirrors Plaintiff's decision to file his complaint under a fictitious name to protect his privacy. (*See* Doc. No. 8-3 (Complaint), at ¶ 3.)

Generally, in federal court, a "[p]laintiff[']s use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (first citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–99 (1978) and *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir.1990); then quoting Fed. R. Civ. P. 10(a)). However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances

when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Here, the Church seeks narrowly tailored redactions of Plaintiff's name, address, and other identifying information to preserve Plaintiff's privacy as he pursues allegations that he was sexually abused as a child. (Doc. No. 9 at 3–4.) Considering that Plaintiff's allegations are highly sensitive and personal in nature, the Court finds that Plaintiff has a demonstrated need for anonymity. *See Doe v. Steele*, No. 20-CV-1818-MMA-MSB, 2020 WL 6712214, at *3 (S.D. Cal. Nov. 16, 2020) (finding that a plaintiff asserting claims of sex-trafficking had "a high need for anonymity") (collecting cases). Second, the Court notes that it is the Church who moves to file Plaintiff's personal identifying information under seal. Considering that the Church already knows Plaintiff's true identity and is the movant, the Court finds no prejudice in allowing Plaintiff to proceed anonymously. *See Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) (finding no prejudice where the defendants knew the plaintiffs' true identities and filed a notice of non-opposition). Finally, any interest the public has in the specific identity of Plaintiff is too trivial to outweigh Plaintiff's asserted need. The limited redactions proposed by the Church in the instant motion to seal and by Plaintiff in filing his complaint under a fictious name do not affect the resolution of the claims in this action, which will be in full view of the public." *See N.A. v. Jaddou*, No. 23-CV-01634-AJB-BGS, 2023 WL 6238007, at *1 (S.D. Cal. Sept. 25, 2023) (quoting *Nielsen*, 2017 WL 6541446, at *6).

**C.     Conclusion**

For the reasons stated above, the Court **GRANTS** the Church's second motion to seal (Doc. No. 9) and **DIRECTS** the Clerk of Court to **file under seal** the documents currently lodged at Docket Number 12.

///

///

### III. MOTION TO STRIKE

Recognizing that both the initial motion to seal and the initial Notice of Removal included instances in the deposition transcript where Plaintiff's name was not redacted, the Church seeks to strike both filings. (Doc. No. 11 (seeking to strike Doc. Nos. 1, 6).) Because the Court has found that allowing Plaintiff to proceed anonymously is appropriate and, as such, sealing instances where Plaintiff is named, the Court exercises its discretion and **GRANTS** the Church's motion to strike. (Doc. No. 11.) *See Fujikura Composite America, Inc. v. Dee, et al.*, No. 24-CV-00782 JLS-MSB, 2024 WL 4994346, at *3 (S.D. Cal. Dec. 5, 2024).

### IV. CONCLUSION

For the reasons set forth herein, the Court hereby:

1. **GRANTS** the Church's second motion to seal (Doc. No. 9);
2. **DIRECTS** the Clerk of Court to **file under seal** the documents currently lodged at Docket Number 12;
3. **GRANTS** the Church's motion to strike (Doc. No. 11); and
4. **DIRECTS** the Clerk of Court to **STRIKE** the documents currently filed at Docket Numbers 1 and 6.

**IT IS SO ORDERED.**

Dated: December 23, 2024

Hon. Anthony J. Battaglia
United States District Judge