UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROE JB 65,<br><br>                         Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.,<br><br>                         Defendants. | Case No.: 24-cv-02349-AJB-MSB<br><br>**ORDER DENYING PLAINTIFF'S AMENDED MOTION TO REMAND**<br><br>**(Doc. No. 20)** |

Before the Court is Plaintiff John Roe JB 65's ("Plaintiff") amended motion to remand. (Doc. No. 20.) The Church of Latter-day Saints (the "Church") filed an opposition (Doc. No. 24), to which Plaintiff replied (Doc. No. 26). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers. For the reasons set forth below, the Court **DENIES** the instant motion to remand.

**I.    BACKGROUND**

On August 26, 2024, Plaintiff filed a complaint in San Diego County Superior Court, alleging he was sexually assaulted as a 14 year old in 1978 by a bishop, Defendant Doe 4, affiliated with the Church. (Doc. No. 8-3, Complaint ("Compl.")). Plaintiff asserts six claims against Defendants: (1) negligence; (2) negligent supervision of a minor; (3) sexual

abuse of a minor; (4) negligent hiring, supervision, and retention; (5) negligent failure to warn, train or educate plaintiff; (6) breach of mandatory duty; and intentional infliction of emotional distress. (*See generally* Compl.)

On December 16, 2024, the Church removed this case on the basis of diversity jurisdiction. (Doc. No. 1.) On December 20, 2024, the Church filed an amended notice, which redacted additional personal identifying information unintentionally left unredacted but was otherwise identical to the initial notice. (Doc. No. 8.) On December 23, 2024, the Court issued an order striking the initial notice and permitting an unredacted version of the amended notice be sealed. (Doc. No. 13.) On January 15, 2025, Plaintiff filed the instant motion to remand. This Order follows.

## II.     LEGAL STANDARD

As courts of limited jurisdiction, federal courts may hear only those cases for which subject matter jurisdiction has been conferred either by Congress or by the Constitution. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, removal of a civil action to federal court is proper only if the district court would have original jurisdiction over the matter at the time of removal. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question or there is diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) ("[T]he presence in this action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citations omitted)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the individual resides and intends to remain or to which

the individual intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III.   DISCUSSION

The Church's notice of removal asserts the amount in controversy exceeds $75,000 and there is complete diversity. (*See generally* Doc. No. 8.) Regarding the latter point, The Church argues Plaintiff is a citizen of Indiana, itself and Temple Corporation of The Church of Jesus Christ of Latter-day Saints ("Temple Corporation") are Utah corporations, San Diego California South Stake (the "Stake") is a fraudulently joined ecclesiastical subunit of the Church who lacks independent citizenship, and Doe 4 is a deceased individual whose citizenship should be ignored. (*Id.* ¶¶ 7–15.) In moving to remand, Plaintiff argues that the Stake is a citizen of California that can be sued as an unincorporated association and is not fraudulently joined. (Doc. No. 20-1 at 10–12, 13–21.) Flowing from there, Plaintiff argues that diversity is destroyed because "Plaintiff is a citizen of the same state as the forum defendant, Doe 3." (Doc. Nos. 20 at 2 (asserting same citizenship of Plaintiff and the Stake); 20-1 at 21–22 (arguing the Stake as a forum defendant).)[1]

---

[1] Initially, all Defendants were pled as Does pursuant to California Code of Civil Procedure § 340.1. (*See generally* Compl.) Despite being an available avenue at the time of filing his motion, Plaintiff asserts for the first instance in reply that the citizenship of all Doe Defendants must be ignored pursuant to 28 U.S.C. 1441(b)(1). (Doc. No. 26 at 3–4.) Even had Plaintiff argued this in his motion, the argument was mooted by the Court's granting of the Church's unopposed motion to name Defendant Does 1–3. (*See* Doc. No. 43.) As such, the Court need not wade into the waters of 28 U.S.C. § 1441(b)(1)—interpretation of which has divided district courts in this circuit. *See, e.g.*, *Roe MG 60 v. Doe 1*, No. 24-CV-07666-RFL, 2025 WL 472291 (N.D. Cal. Feb. 11, 2025) (remanding because the doe defendants lacked citizenship); *Roe MB 87, v. Doe 1 et al.*, No. 2:24-CV-09361-SPG-RAO, 2025 WL 654722 (C.D. Cal. Feb. 28, 2025) (same); *Roe CS 88 v. Doe 1*, No. CV 24-11154-JFW(SSCX), 2025 WL 485121 (C.D. Cal. Feb. 13, 2025) (denying remand because doe designation was to anonymize known defendants); *Roe MB 69 v. Doe 1*,

### A. Amount in Controversy

The parties do not dispute the amount in controversy. (*See generally* Doc. Nos. 8 (notice of removal asserting the amount in controversy to exceed $75,000); 20 (Plaintiff's motion disputing only the Church's characterization of the Stake's citizenship); 24 (the Court's opposition reasserting that the amount exceeds $75,000); 26 (Plaintiff's reply addressing only citizenship issues).) The Church has plausibly alleged that, given the severity of the sexual abuse allegations, the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). As Plaintiff does not contest nor does the Court see a reason to question the Church's allegations, the Court finds that the Church has sufficiently alleged the amount in controversy exceeds the required minimum threshold for diversity jurisdiction. *See id.* at 87 ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

### B. Citizenship

As to the second requirement for diversity jurisdiction—complete diversity of citizenship—the Court will analyze each party in turn.

#### 1. Plaintiff Is a Citizen of Indiana

The Church asserts that Plaintiff is a citizen of Indiana. (Doc. No. 8 ¶ 7.) In support of this assertion, the Church provides the declaration of a private investigator, Adam Dawson, attesting to his efforts to determine Plaintiff's current residence. (Doc. No. 8-24.) Dawson determined that Plaintiff purchased real property in Indiana in April 2024 and subsequently filed a change of address from California to the Indiana property's address

---

No. 8:24-CV-02395-JVS-DFM, 2025 WL 415344 (C.D. Cal. Feb. 6, 2025) (same); *Estate of Jane Roe DM 101 v. Doe 1 et al.*, No. 3:24-cv-02344-DMS-JLB, Doc. No. 26 (S.D. Cal. Feb. 28, 2025) (same).

with the U.S. Post Office effective August 2024. (Doc. No. 8-24 ¶¶ 3–4; *see also* Doc. Nos. 8-25 (record reflecting purchase of Indiana property by Plaintiff on April 22, 2024); 8-26 (warranty deed conveying Indiana property to Plaintiff recorded on April 30, 2024).)

"[A] natural person's state citizenship is . . . determined by h[is] state of domicile," which is where the individual "resides with the intention to remain or to which []he intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Beyond one line in the notice preceding the instant motion, Plaintiff does not assert he is a citizen of California, or otherwise contest the Church's determination of his citizenship.[2] (*See generally* Doc. Nos. 20 at 2; 20-1; 26); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged."). Accordingly, the Church has sufficiently demonstrated that Plaintiff is a citizen of Indiana.

### 2. The Church and Temple Corporation Are Citizens of Utah

Plaintiff in his complaint and the Church in its notice of removal both assert that the Church and Temple Corporation are corporations "duly organized, and operating pursuant to the laws of, the State of Utah," and with their principal places of business in Utah. (Doc. No. 8 ¶¶ 8–9; *see also* Compl. ¶¶ 5–6.)

For determination of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

The Court finds that the Church has sufficiently demonstrated that both itself and Temple Corporation are citizens of Utah.

### 3. The Stake Is Not an Independent Entity for Diversity Jurisdiction

The main issue in dispute is the status of the Stake. Plaintiff identifies the Stake as "a religious entity and subsidiary of DOE 1" that "operates, maintains and manages [the

---

[2] Based on Plaintiff Counsel's filing of numerous motions to remand in similar cases, it would appear this assertion is a template artifact and thus should be disregarded.

Church]'s congregations and wards within San Diego County at the direction of and under the control of [the Church]," and "reports directly to [the Church]." (Compl. ¶ 7.) Plaintiff sets forth in detail the hierarchy of the Church and how the Stakes are subject to the Church's control, citing repeatedly to the Church's General Handbook. (Compl. ¶¶ 21–26.) Additionally, Plaintiff asserts that the Stake is "responsib[le] for some or all operations in San Diego County, California," and "is independently liable for its own conduct as alleged herein, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants." (*Id.*) As such, Plaintiff argues that the Stake is "neither a benign nor wholly subsumed entity or association of parishioners," but is instead "an organic entity functioning well-above that of a powerless 'ecclesiastical grouping' or nominal division of a corporation, both in its scale and importance." (Doc. No. 20-1 at 11.)

The Church asserts that the Stake is "an ecclesiastical unit of the Church, is not a corporate entity, and has no corporate existence apart from The Church." (Doc. No. 8 ¶ 10.) More specifically, the Church explains that "[t]he San Diego South Stake refers to a geographic ecclesiastical grouping of local congregations in San Diego County and has no 'principal place of business' in California or otherwise." (*Id.* ¶ 11.) The address identified in Plaintiff's complaint is a building owned by the Church, with all activities occurring there "organized, operated, maintained, and managed by The Church." (*Id.* ¶ 10.) Rather, the Church asserts that the Stake is "akin to [a] division[] of a corporation." (*Id.* ¶ 12.)

The Court is convinced that the "Stake is part of [the Church's] network of churches and is subject to [the Church's] control, which emanates from Salt Lake City, and thus is not an independent entity for jurisdictional purposes." *Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints*, No. EDCV 24-2150-KK-SPX, 2024 WL 5182415, at *2 (C.D. Cal. Dec. 20, 2024); *see also, e.g.*, *Roe RL 8 v. Church of Jesus Christ of Latter-day Saints*, No. 5:24-CV-02149-SSS-SPX, 2025 WL 467489, at *2 (C.D. Cal. Feb. 11, 2025) ("The Hemet Stake is not a separate entity for jurisdictional purposes."); *Roe CS 88*, 2025 WL 485121, at *3 ("Because the SLO Stake functions similarly to an unincorporated division of a corporation, the Court concludes that it is not an independent entity for jurisdictional

purposes."); *Roe AJ 1 v. Church of Jesus Christ of Latter-Day Saints*, No. 2:24-CV-02990-DC-CSK, 2025 WL 268882, at *3 (E.D. Cal. Jan. 22, 2025) ("For these reasons, the court is not persuaded that Defendant Napa Stake is an independent entity for jurisdictional purposes. Rather, Defendants have shown that Defendant Napa Stake is controlled by Defendant LDS as one of its many places of worship and is a citizen of Utah for the purposes of diversity jurisdiction."); *Estate of Jane Roe DM 101*, No. 3:24-cv-02344-DMS-JLB, Doc. No. 26 at 5–6 ("In short, Defendant Doe 3, rather than being distinct from the Church, is embedded into its hierarchy. Because Defendant Doe 3 is part of Defendant Doe 1's network of churches and is subject to Defendant Doe 1's control, which emanates from Salt Lake City, it is not an independent entity for jurisdictional purposes.").[3]

Because the Court finds that the Stake is a division of the Church for jurisdictional purposes, the Stake is a citizen of Utah. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (finding an unincorporated "division of a corporation [to] not possess the formal separateness" and thus to "not [be] an independent entity for jurisdictional purposes.").

### 4. Citizenship of Deceased Doe 4 Is Disregarded

The Church asserts that the citizenship of Doe 4 should be disregarded as the individual is deceased. (Doc. No. 8 ¶ 15.) Attached to its notice of removal, the Church included a transcript of Plaintiff's deposition testimony identifying Doe 4 by name and a death certificate for that individual dated 2002. (Doc. Nos. 8-11 at 4 (deposition transcript); 8-28 (death certificate).) Plaintiff does not dispute the Church's allegations or evidence. (*See generally* Doc. Nos. 20; 26.)

"[Y]ou cannot sue a dead person," as the dead "ha[ve] no legal existence." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 951, 955 (9th Cir. 2020). "[B]y

---

[3] Because the Court concludes that the Stake is a citizen of Utah for jurisdictional purposes, the Court declines to address whether the Stake was fraudulently joined. Further, the Court **DENIES** Plaintiff's related request for additional jurisdictional discovery to combat the Church's fraudulent joinder allegations. (*See* Doc. No. 20-1 at 24–25.)

extension, when a dead person is named as a party, the dead person's prior citizenship is irrelevant when determining whether the controversy 'is between . . . citizens of different States.'" *Id.* at 955 (quoting 28 U.S.C. § 1332(a)).

Considering the evidence and allegations set forth regarding Doe 4's death, the Court finds that Doe 4 is not a citizen of any state for purposes of determining diversity jurisdiction.

### 5. Citizenship of Does 5 to 100 Is Disregarded

When determining removal based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Defendants Does 5–100 fall into this category. (Compl. ¶ 10 ("The true names and capacities, whether individual, plural, corporate partnership, associate, or otherwise, of Defendants DOES 5 through 100, inclusive, are unknown to Plaintiff at this time, who, therefore, sues said Defendants by such fictitious names.").) Accordingly, the Court disregards Does 5–100 for purposes of determining the existence of diversity jurisdiction.

### 6. Conclusion

Having fully considered each party, the Court determines that complete diversity exists because Plaintiff is a citizen of Indiana while the Church and Temple Corporation are citizens of Utah and the citizenship of the remaining defendants is to be disregarded, albeit each for distinct reasons.

### C. "Snap" Removal

Plaintiff also asserts that the timing of removal was improper because the Church's "snap removal" prior to service of process was purposeful "gamesmanship" employed to circumvent the forum defendant rule. (Doc. No. 20-1 at 22–24.)

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). Because "[n]othing in the statute's text can be construed as barring a defendant from filing a notice of removal before formal service," the Ninth Circuit has

held that "formal service is not a prerequisite to removal under § 1446(b)(1)." *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024).

As analyzed *supra* § III.B.3, there is no forum defendant, so Plaintiff's allegations of gamesmanship fall flat. Moreover, as nothing prohibits Defendants from filing a notice of removal prior to formal service, the Church having done so does not warrant remand.

### D. The Church's Requests for Judicial Notice

Finally, the Church requests the Court take judicial notice of various documents attached to its amended notice of removal and its opposition to the instant motion pursuant to Rule 201(b)(2) of the Federal Rules of Evidence. (*See* Doc. Nos. 8-27; 24-3.) None of the records the Church seeks noticed are disputed by Plaintiff, either for their authenticity or accuracy. (*See generally* Doc. Nos. 20-1; 26.)

Pursuant to Rule 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court may take judicial notice of matters of public record[,] . . . [b]ut a court cannot take judicial notice of disputed facts contained in such public records."); *Abiding Place Ministries v. Newsom*, No. 321CV00518RBMDDL, 2023 WL 2001125, at *4 (S.D. Cal. Feb. 14, 2023) ("The government documents, information on government websites, and court filings referenced above are all proper subjects of judicial notice."). While a court *may* take judicial notice *sua sponte*, "if a party requests it and the court is supplied with the necessary information," then the court *must* take judicial notice. *Compare* Fed. R. Evid. 201(c)(1) *with* (2).

Having considered the Church's requests, the documents themselves, and the lack of opposition, the Court **GRANTS** the Church's requests and **TAKES JUDICIAL NOTICE** of the following:

1. A certificate of death issued by the County of San Diego reflecting the name of Doe 4 and 2002 as the year of death (Doc. No. 8-28).

2. Indiana Gateway for Government Units Property Sales Disclosure search

conducted on November 11, 2024, for real property purchases involving Plaintiff reflecting a purchase in Indiana on April 22, 2024 (Doc. Nos. 8-25 (public); 14-1 (sealed)).

3. A warranty deed for a property in Indiana recorded by Boone County, Indiana Recorder which reflects Plaintiff as the conveyee dated April 30, 2024 (Doc. Nos. 8-26 (public); 14-2 (sealed)).

4. A search for "San Diego California South Stake" on January 27, 2025, of the official California Secretary of State Business Search website reflecting no results (Doc. No. 24-4).

## IV. CONCLUSION

Having found plausible allegations of an amount in controversy exceeding $75,000 and having found that complete diversity exists, removal was proper pursuant to 28 U.S.C. § 1332. Accordingly, the Court **DENIES** Plaintiff's motion to remand (Doc. No. 20).

**IT IS SO ORDERED.**

Dated: March 6, 2025

Hon. Anthony J. Battaglia
United States District Judge