UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE JB 65,<br><br>                            Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.,<br><br>                            Defendants. | Case No.: 24-cv-02349-AJB-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. No. 15)** |

Before the Court is a motion to dismiss filed by Defendant The Church of Latter-day Saints (the "Church") and Temple Corporation of The Church of Jesus Christ of Latter-day Saints ("Temple Corporation") (collectively, "Defendants"). (Doc. No. 15.) Plaintiff John Roe JB 65 ("Plaintiff") filed an opposition (Doc. No. 18), to which Defendants replied (Doc. No. 23). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** the instant motion to dismiss.

I.    **BACKGROUND**

On August 26, 2024, Plaintiff filed a complaint in San Diego County Superior Court, alleging he was sexually assaulted as a 14 year old in 1978 by a bishop, Defendant Doe 4, affiliated with the Church. (Doc. No. 8-3, Complaint ("Compl.").) Plaintiff asserts seven

claims against Defendants: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention of an unfit employee; (5) negligent failure to warn, train, or educate plaintiff; (6) breach of mandatory duty to report suspected child abuse; and (7) intentional infliction of emotional distress. (*See generally* Compl.) Unlike the other six causes of action which are asserted against all Defendants, the seventh is solely asserted against Doe 4 and the fictious Does 5–100. (*Id.* ¶¶ 100–04.) Plaintiff's prayer for relief requests "an award of special (economic) and general (non-economic) damages," attorney's fees, costs, and any further relief deemed just and proper. (*Id.* at 23.)

On November 25, 2024, Plaintiff filed an ex parte application for an order to serve the doe defendants[1] pursuant to California Code of Civil Procedure § 340.1 and lodged the corresponding certificates of merit. Pl.'s Ex Parte Appl. & Supp. Docs., *Roe JB 65 v. Doe 1 et al.*, No. 24CU008107C (Cal. Super Ct. Nov. 25, 2024), Doc. No. 15. On December 5, 2024, the superior court held a hearing on Plaintiff's ex parte application, where at counsel for both parties appeared. Min. Order re Ex Parte Hr'g, *Roe JB 65*, No. 24CU008107C (Dec. 5, 2024), Doc. No. 20. Based on Plaintiff's application, the declaration of Plaintiff Counsel, and the lodged certificates of merit, the superior court then granted the application, permitted Plaintiff serve the summons and complaint on each doe defendant, and ordered the certificates of merit to be sealed by the court and kept out of the public court file. Order re Pl.'s Ex Parte Appl., *Roe JB 65*, No. 24CU008107C (Dec. 5, 2024), Doc. No. 19; *see also* Min. Order re Ex Parte Hr'g, *Roe JB 65*, No. 24CU008107C (Dec. 5, 2024), Doc. No. 20. Immediately following the superior court's ruling, the certificates of merit were sealed. Notice of Sealed Docs., *Roe JB 65*, No. 24CU008107C (Dec. 5, 2024), Doc. No. 21.

---

[1] Initially, all defendants were pled as Does, as required by statute. (*See generally* Compl.) However, upon unopposed motion filed by Does 1–3 (Doc. No. 39), the Court permitted the Church (Doe 1), Temple Corporation (Doe 2), and the San Diego California South Stake (Doe 3) to waive anonymity and proceed under their true names (*see* Doc. No. 43.)

On December 16, 2024, the Church removed the action from superior court to this Court. (Doc. Nos. 1; 8.) Five days later, Defendants filed the instant motion to dismiss. (Doc. No. 15.)

## II.     LEGAL STANDARDS

### A.     Federal Rule 12(b)(6) Motion to Dismiss Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal is proper "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also L.A. Lakers, Inc.*, 869 F.3d at 800 ("In conducting this review, we accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.").

### B.     California Certificates of Merit Requirements[2]

To pursue a claim under California Code of Civil Procedure § 340.1, "[e]very plaintiff 40 years of age or older at the time the action is filed shall file certificates of merit as specified in subdivision (g)." Cal. Civ. Proc. Code § 340.1(f). The subsequent provisions set forth the certificates' required contents in detail:

///

///

---

[2]     For any claim "in which the childhood sexual assault occurred on or before December 31, 2024 may only be commenced pursuant to the applicable statute of limitations set forth in existing law as it read on December 31, 2023. As such, the briefing and the Court cite to the provisions of in effect in 2023.

> Certificates of merit shall be executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff declaring, respectively, as follows, setting forth the facts which support the declaration:
>
> (1) That the attorney has reviewed the facts of the case, consulted with at least one mental health practitioner who the attorney reasonably believes is knowledgeable of the relevant facts and issues involved in the particular action, and concluded on the basis of that review and consultation that there is reasonable and meritorious cause for the filing of the action.
>
> (2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, that the practitioner is not treating and has not treated the plaintiff, and that the practitioner has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of the practitioner's knowledge of the facts and issues, that in the practitioner's professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse.
>
> (3) That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificates required by paragraphs (1) and (2) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this paragraph, the certificates required by paragraphs (1) and (2) shall be filed within 60 days after filing the complaint.

Cal. Civ. Proc. Code § 340.1(g). A separate certificate of merit is required for each named defendant. Cal. Civ. Proc. Code § 340.1(h). The court will "review[] the certificates of merit filed pursuant to subdivision (g)" *in camera*. Cal. Civ. Proc. Code § 340.1(i). If the court finds, "in camera, based solely on those certificates of merit, that there is reasonable and meritorious cause for the filing of the action against that defendant," then "the duty to serve that defendant with process shall attach." *Id.* Failure to file certificates in accordance with these provisions is grounds for a demurrer or a motion to strike. Cal. Civ. Proc. Code § 340.1(k).

Beyond a court's *in camera* review prior to ordering service, verification of a plaintiff's compliance with the certificate of merit requirements occurs only "[u]pon the

favorable conclusion of the litigation with respect to any defendant for whom a certificate of merit was filed or for whom a certificate of merit should have been filed pursuant to this section[.]" Cal. Civ. Proc. Code § 340.1(p). Only at that point,

> the court may, upon the motion of a party or upon the court's own motion, verify compliance with this section by requiring the attorney for the plaintiff who was required by subdivision (g) to execute the certificate to reveal the name, address, and telephone number of the person or persons consulted with pursuant to subdivision (g) that were relied upon by the attorney in preparation of the certificate of merit. The name, address, and telephone number shall be disclosed to the trial judge in camera and in the absence of the moving party. If the court finds there has been a failure to comply with this section, the court may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by the defendant for whom a certificate of merit should have been filed.

Cal. Civ. Proc. Code § 340.1(p).

### III. DISCUSSION

Defendants' motion to dismiss raises two distinct arguments. First, Defendants seek dismissal of the sixth cause of action and the prayer for attorney's fees, neither of which Plaintiff opposes. Second, Defendants seek dismissal of the entire complaint on the basis that Plaintiff's certificates of merit are invalid. Plaintiff objects. The Court will address each issue in turn.

#### A. Sixth Cause of Action and Prayer for Attorney's Fees

First, Defendants seek to dismiss the sixth cause of action because "clergy were not mandatory reporters of abuse at the time of Plaintiff's alleged abuse," and the prayer for attorney's fees because "there is no statute or contract authorizing the recovery of attorney['s] fees in this action." (Doc. No. 15 at 18.) In the opposition, Plaintiff states that he "does not oppose dismissal of his prayer for attorney's fees nor his sixth cause of action for Breach of Mandatory Duty and previously agreed to file an amended complaint addressing" both items. (Doc. No. 18.)

Considering Defendants' request and Plaintiff's agreement, the Court **GRANTS** Defendants' motion to dismiss with respect to the sixth cause of action and the prayer for

attorney's fees. The sixth cause of action is **DISMISSED** and the prayer for attorney's fees is **STRICKEN**.

### B.     Certificates of Merit

Second and quite contested, Defendants assert that the mental health practitioner certificate of merit is invalid. (Doc. No. 15 at 8, 12–18.) Specifically, Defendants set forth the following rationale:

- Plaintiff lives in Indiana so he must have been interviewed while in Indiana;
- The mental health practitioner who completed the certificate of merit must be licensed in California, so the practitioner must have been located in California for the interview;
- Plaintiff Counsel has previously stated that standard practice is to have the mental health interviews conducted via Zoom so, based on the foregoing, Plaintiff's interview must have occurred via Zoom;
- Thus, assuming all that to be true, then the practitioner had to have illegally acted outside of his or her license in interviewing unless the practitioner also was temporarily licensed in Indiana.

(*Id.*) Based on this suspicion, Defendants assert the Court should conduct an *in camera* review of the certificate of merit and dismiss the action if the certificate is invalid. (*Id.*)

Plaintiff opposes Defendants' motion arguing (1) that there is no authority permitting them to challenge a certificate of merit's substance on a motion to dismiss and (2) that the instant certificates comply with the statute. (Doc. No. 18.)

Defendants' motion rests on the assertion that a defendant may request that the Court review the substance of a certificate of merit *in camera* to decide a motion to dismiss after *in camera* review has been conducted and service permitted. (Doc. Nos. 15 at 12 (citing *Warren v. City of Grass Valley*, No. 10-cv-1650-JAM-EFB, 2010 WL 5170317, at *5 (E.D. Cal., Dec. 13, 2010); 23 at 5–7 (citing first *Doe v. Doe #1*, No. 22STCV11242, 2023 Cal. Super. LEXIS 49281. At *3–*6 (Cal. Super. Ct. July 19, 2023); then *Warren*, 2010 WL 5170317, at *5).) In summarizing *Warren*, Defendants state that the "court granted

defendant's 12(b)(6) motion after reviewing psychologist certificate of merit *in camera* and determining it did not meet standards set forth in section 340.1." (Doc. No. 15 at 12.)

However, *Warren* is inapposite because there the plaintiff tried to convert a complaint for personal injury pled pursuant to 42 U.S.C. § 1983 and California Civil Code § 52.1, into a claim brought pursuant to California Code of Civil Procedure § 340.1, when it was deemed that the statute of limitations had run as originally pled. *Warren*, 2010 WL 5170317, at *1–*4. In dismissing the plaintiff's arguments, the court pointed out that the complaint lacked critical allegations necessary to main a § 340.1 claim and, procedurally, the plaintiff had failed to lodge a certificate of merit. *Id.* at 3, *5. The court permitted the plaintiff to provide the certificate of merit at that time and determined from an *in camera* review that it did not support the conclusion that the plaintiff had a meritorious claim. *Id.* at *5. Thus, the court determined that even if the plaintiff had intended to plead a cause of action pursuant to § 340.1 and even if the plaintiff had timely provided the certificate of merit, the case would not have proceeded. *Id.* It is reasonable to infer that the court in *Warren* only conducted an *in camera* review of the certificate of merit because the superior court had not yet done so.[3]

Quite in contrast to *Warren*, here Plaintiff timely followed the procedural requirements. Plaintiff filed an ex parte application for an order to serve Defendants and lodged the corresponding certificates of merit. Pl.'s Ex Parte Appl. & Supp. Docs., *Roe JB 65*, No. 24CU008107C (Nov. 25, 2024) Doc. No. 15. Moreover, the superior court held a hearing, reviewed the certificates of merit *in camera*, and issued an order granting Plaintiff's application, permitting service upon Defendants, and sealing the certificates of merit. *See* Min. Order re Ex Parte Hr'g, *Roe JB 65*, No. 24CU008107C (Dec. 5, 2024), Doc. No. 20; Order re Pl.'s Ex Parte Appl., *Roe JB 65*, No. 24CU008107C (Dec. 5, 2024),

---

[3]   In Defendants' reply, they assert that "*Warren* acknowledged that section 340.1 required *in camera* review of the certificates of merit prior to service and then **re-reviewed** their substance on a motion to dismiss." (Doc. No. 23 at 8 (emphasis in original).) *Warren* does not, in fact, make such an acknowledgment expressly or implicitly.

Doc. No. 19; Notice of Sealed Docs., *Roe JB 65*, No. 24CU008107C (Dec. 5, 2024), Doc. No. 21.[4] As a court of competent jurisdiction has already determined the certificates of merit warranted this action proceeding, this Court sees no reason or authority to review the certificates at this time.

In *Doe v. Doe #1*, although noting a demurrer is the proper method to challenge a certificate of merit, the court overruled a demurrer challenging a certificate's substance, stating that the court had previously reviewed the certificate *in camera* and found it sufficient. *Doe v. Doe #1*, 2023 Cal. Super. LEXIS 49281, at *3–*6. It is not clear from the opinion whether the court re-reviewed the certificates, as Defendants request here, or merely provided the defendant confirmation of its rationale by reiterating its prior ruling. Regardless, *Doe v. Doe #1* is a superior court opinion, not certified for publication or ordered published, and does not fall within any of the limited exceptions set forth by California Rules of Court or the Ninth Circuit for citation. *Cf.* Cal. Rule of Court 8.1115(a)–(b); *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 876 n.3 (9th Cir. 2008). As such, the Court finds it neither persuasive nor citable.

Published case law addressing this issue pertain solely to circumstances where the plaintiff failed to comply with the procedural requirement of filing the certificates rather than substantive issues of the certificates' sufficiency. *See, e.g.*, *Doe v. San Diego-Imperial Council*, 239 Cal. App. 4th 81, 91–92 (2015) (affirming dismissal for failure to file certificate of merit within the statute of limitations); *Jackson v. Doe*, 192 Cal. App. 4th 742, 754–56 (2011) (same); *Doyle v. Fenster*, 47 Cal. App. 4th 1701, 1703, 1707 (1996) (same); *see also San Diego Unified Sch. Dist. v. Superior Court*, 102 Cal. App. 5th 383, 390 (2024) (analogizing that "[a] defendant has no opportunity to oppose the certificate of

---

[4] The Court notes that both Defendants' initial notice of removal and amended notice of removal include as part of the state court record Plaintiff's ex parte application but fail to include the minute order regarding the hearing, the order granting the application, and notice of sealed documents. (*See generally* Doc. Nos. 1; 8.) At best, this is a careless oversight. At worst, the omission is an unacceptable attempt to misdirect the Court. Either way, Defense Counsel is cautioned that any misrepresentations, omissions, or other actions that undermine their duty of candor to the Court may be grounds for sanctions.

merit . . . , making [appellate] review under section 340.1 comparable to a demurrer or the ex parte consideration of a request for a temporary restraining order based on the likelihood of success on the merits" for purposes of determining the timeliness of a peremptory challenge to a judge). State authority demonstrates that § 340.1(k) permits Defendants to challenge certificates of merit that are not timely filed or entirely absent. As such, it is clear that § 340.1(k) is not "rendered meaningless," as Defendants assert it would be (Doc. No. 23 at 8), if the Court does not permit a second review for substance at the motion to dismiss stage.

If Defendants seek to challenge the certificates of merit, they must do so "[u]pon the favorable conclusion of the litigation with respect to any defendant for whom a certificate of merit was filed or for whom a certificate of merit should have been filed pursuant to this section[.]" Cal. Civ. Proc. Code § 340.1(p); *see also Doe v. San Diego-Imperial Council*, 16 Cal. App. 5th 301, 310 (2017) ("[I]n a case where the litigation terminates in a defendant's favor, the defendant or the court may move to verify the plaintiff's certificate of merit, and, if the court finds a failure to comply with subdivision (q)'s certificate of merit requirement, the court may award the defendant his or her reasonable expenses, including attorney fees."). Viewed pursuant to this provision, Defendants' request is premature.

Considering that the superior court reviewed the certificates of merit *in camera* and found them sufficient to order service upon Defendants prior to removal, the Court **DENIES** Defendants' motion to dismiss on this basis. However, as Defendants were required to lodge the state court record with their notice of removal and properly did not have access to the certificates of merit reviewed by the superior court, Plaintiff must lodge the certificates of merit to complete the record.

///
///
///
///

### C. Requests for Judicial Notice

Third, Defendants request the Court take judicial notice of five certificates of merit in other cases. (Doc. No. 15-4 ¶¶ 1–5.) As their inclusion is to shore up Defendants' suppositions about the certificates of merit in this case which Defendants have not seen, the Court **DENIES** Defendants' request, finding the documents irrelevant. *See Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986) ("It is neither necessary nor desirable to take judicial notice of these purported facts which are, in any event, irrelevant to this decision."). Defendants also seek judicial notice of documents irrelevant to this motion but were included in prior filings. (Doc. No. 15-4 ¶¶ 7–9.) The Court **DENIES as moot** Defendants' request because judicial notice was taken of these documents in a prior Order. (*See* Doc. No. 44 at 9–10.) Finally, Defendants' request the Court take judicial notice of a prior version of California Code of Civil Procedure § 340.1. (Doc. No. 15-4 ¶ 6.) Considering the applicability of the prior version of § 340.1, discussed *supra*, the Court **GRANTS** Defendants' request. *See* Fed. R. Evid. 201(b)(2), (c)(1); *see also Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 891 (N.D. Cal. 2010) (taking judicial notice of the applicable prior version of the statute at issue).

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion to dismiss with regard to the sixth cause of action and the prayer for attorney fees and **DENIES** Defendants' motion to dismiss on the remaining grounds.

Should Plaintiff desire to file an amended complaint, Plaintiff must do so **no later than March 18, 2025**. Defendants must file a responsive pleading to the operative complaint **no later than April 1, 2025**.

Further, the Court **ORDERS** Plaintiff to **lodge** the certificates of merit and **file** a motion requesting the Court to seal the documents that sets forth the appropriate sealing standard. *See* J. Battaglia Civ. Case Proc. § IV. With the public redacted version of the certificates of merit, Plaintiff must provide a declaration of counsel averring that the lodged

certificates are those, without alteration, that were sealed by the superior court, *see* Notice of Sealed Docs., *Roe JB 65*, No. 24CU008107C (Dec. 5, 2024), Doc. No. 21.

**IT IS SO ORDERED.**

Dated: March 11, 2025

Hon. Anthony J. Battaglia
United States District Judge